OPINION
Plaintiff-appellant Mary R. Chase-Carey (hereinafter "wife") appeals the December 9, 1998 Judgment Entry of the Coshocton County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Michael A. Carey (hereinafter "husband").
 STATEMENT OF THE CASE AND FACTS
The parties were married on May 14, 1977. In 1984, the parties purchased their home. The property, which consisted of a house and a lot, was located at 42812 U.S. 36 in Warsaw, Ohio. Husband and wife initially contracted to purchase three contiguous lots. However, because the parties were unable to obtain financing, they purchased only one lot, and entered into a separate agreement with the sellers to purchase the remaining two lots within two years. In 1986, the parties were still financially unable to purchase the remaining two lots. Wife's mother gave wife $12,000 which wife used to used purchase the lots. The deed to the second two lots was placed in both husband's and wife's names. The parties used no funds of their own in acquiring the additional lots. No improvements were made on the lots and no marital funds were expended on the additional lots other than routine maintenance. As of the date of the divorce trial, the fair market value of the two lots was $20,000. A magistrate conducted the divorce trial on March 26, 1998 and April 9, 1998. On July 17, 1998, the magistrate issued a Decision. On September 4, 1998, after wife requested written findings of fact and conclusions of law, the magistrate filed an Amended Magistrate's Decision in which the two contiguous lots were found to be marital property. On November 13, 1998, wife filed objections to the amended magistrate's decision. In a December 9, 1998 Judgment Entry, the trial court adopted the Magistrate's Decision and Amended Magistrate's Decision. It is from that judgment entry wife prosecutes this appeal assigning the following as error:
 THE TRIAL COURT'S FINDING THAT TWO (2) PARCELS OF REAL ESTATE ACQUIRED DURING THE MARRIAGE WITH $12,000.00 GIVEN TO WIFE BY HER MOTHER WERE MARITAL VERSUS SEPARATE PROPERTY IS CONTRARY TO LAW, CONSTITUTES AN ABUSE OF DISCRETION, IS NOT SUPPORTED BY THE EVIDENCE, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her sole assignment of error, wife contends the trial court erred in finding the two contiguous lots to be marital property instead of separate property. We disagree. As a general matter, we review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. However, we agree with our colleagues in the First and Fourth District Courts of Appeals; with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. See, McCoy v. McCoy (1995), 105 Ohio App.3d 651, 654; Kelly v. Kelly (1996), 111 Ohio App.3d 641. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-of-discretion standard. R.C. 3105.171(D); Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id. R.C. 3105.171 provides, in pertinent part: (A) (6) (a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * * (7) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse. Wife's objections to the Amended Findings of Fact and Conclusions of Law attacked the magistrate's finding the property was a joint gift to husband and wife. The amended magistrate's decision states in pertinent part: (5) The evidence is that these were gifts to both the Plaintiff and Defendant, not one to the exclusion of the other. After receiving these "gifts" from their parents, the parties made no effort to segregate the respective gifts/funds so as to treat them as gifts to one as opposed to the other.
Our review of the transcript indicates there is some dispute as to whether or not the money given to wife was intended only as a gift to wife. Wife's mother testified the money was given as a gift to her daughter only, and was not intended as a gift to husband. Given the usual natural bias a mother has for her daughter in divorce proceeding, the trial court was not required to find mother's testimony credible. Moreover, wife's mother understood the money would be used to add to the marital residence. The parties initially intended to purchase all three contiguous lots to form one large marital property. When the parties finally did purchase the additional lots, they took title to the property jointly. While we recognize these facts do not conclusively demonstrate the money was a gift to both husband and wife, they do provide competent, credible evidence upon which the trial court could base its decision in making its findings of fact and conclusions of law. More importantly, we believe these same circumstances support the trial court's conclusion that even if the $12,000 was a gift only to wife, the gift was transmuted into marital property. We also find no abuse of discretion in the trial court's ultimate determination the property was properly characterized as marital property.
For this reason, wife's sole assignment of error is overruled.
The judgment of the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur